UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH G. CHARRON, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV01487 HEA |
| | ) | (TIA) |
| DOUGLAS J. PRUDDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Petitioner's Request that Article III, Judge Either Grant Him Permission to Utilize the Rules of Discovery or Alternatively, that Each Issue in This Case is Admitted as True for Purposes of This Habeas Corpus Action (Docket No. 20/filed December 2, 2010) and Petitioner's Request for Final Determination Upon Petitioner's Request that Article III, Judge Either Grant Permission to Utilize the Rules of Discovery or Alternatively, that Each Issue in this Case is Admitted as True for Purposes of this Habeas Corpus Action (Docket No. 21/filed December 22, 2010). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Discovery is appropriate where specific allegations before the court show reason to believe that petitioner, may if the facts are fully developed, be able to demonstrate that he is entitled to relief. Bracy, 520 U.S. at 908-09. Rule 6(a) of the Rules Governing Section 2254 Cases expressly provides for discovery in habeas proceedings if the petitioner shows "good cause" for discovery. In particular, Rule 6(a) states that:

"A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996). Thus, discovery in habeas proceedings is not a matter of right and that it is an exception rather than the rule. Nonetheless, discovery is permitted where it is "indispensable to a fair, rounded, development of the material facts." Id.

Here, Petitioner challenges the execution of his sentences resulting from the statutory change during his imprisonment making him ineligible for conditional release. Petitioner argues the amendment to the conditional release statute is unconstitutional. Because Petitioner's claim does not require further factual development and may be adequately resolved on the record, discovery in this case is unnecessary. Further, Petitioner has not suggested good cause for discovery. Therefore, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Request that Article III, Judge Either Grant Him Permission to Utilize the Rules of Discovery or Alternatively, that Each Issue in This Case is Admitted as True for Purposes of This Habeas Corpus Action (Docket No. 20/filed December 2, 2010) and Petitioner's Request for Final Determination Upon Petitioner's Request that Article III, Judge Either Grant Permission to Utilize the Rules of Discovery or Alternatively, that Each Issue in this Case is Admitted as True for Purposes of this Habeas Corpus Action (Docket No. 21/filed December 22, 2010) are **DENIED WITHOUT PREJUDICE.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   29th   day of December, 2010.