UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH G. CHARRON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:10CV1487 HEA |
|  | ) |  |
| JAMES HURLEY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Terri I. Adelman that Kenneth G. Charron's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996.  When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## **Discussion**

Initially, Petitioner objects to the recommendation on page 7 of the Report and Recommendation that "Jimmy Taylor's petition...be dismissed..." as untimely. While the Recommendation does so state, it is clear that this was an inadvertent mistake and has no bearing on the substance of Judge Adelman's Report. Petitioner's objection is overruled.

The Procedural History and Factual Background are set forth in the Report and Recommendation.[1] Petitioner objects to Judge Adelman's statement that he was sentenced as a prior and persistent offender, and attaches a state court Order wherein Judge Thomas C. Grady finds the sentence and judgment for did not state that Petitioner was being sentenced as a prior and persistent offender for the forcible rape charge. As Judge Adelman observes, Petitioner was sentenced as a

---

[1] Respondent argued that Petitioner's Petition should be denied as untimely for failure to be filed within one year pursuant to the one year limitations period set forth in 28 U.S.C. § 2244(d). Judge Adelman chose to address the merits of Petitioner's claim, thus any objections regarding the timeliness of Petitioner's filing are overruled as moot.

prior and persistent offender *on each robbery conviction*. Petitioner was sentenced to a life sentence for the forcible rape conviction, said sentences to be served consecutively. Petitioner's claim of error on this fact is overruled in this regard.

Petitioner argues that there was never any evidentiary hearings held in the state court nor in the United States District Court. Although Petitioner urges that Judge Adelman is attempting to mislead this Court that the record of the state courts contained fact findings. Nowhere in Judge Adelman's Report and Recommendation does Judge Adelman mislead this Court in anyway about anything which has occurred regarding this Petition. Petitioner's supposition and speculation is completely meritless. Petitioner's objection is overruled.

Petitioner continues to argue that the Department of Corrections is applying Section 558.011 to Petitioner. However, as Judge Adelman correctly concluded, the Missouri Supreme Court rejected Petitioner's argument finding that "[a]ny modification of the conditional term cannot affect the sentence term originally imposed against" Petitioner. This decision is not contrary to nor an unreasonable application of clearly established Federal law because in deferring to the state court's interpretation of state law, Judge Adelman concluded that the ex post facto clause is not violated by a statutory amendment that neither retroactively alters the

definition of the crime nor increases the punishment therefore. *Weaver v. Graham*, 450 U.S. 24, 28 (1981).

Petitioner was sentence on the rape to life imprisonment, which is within the range of punishment for forcible rape without any enhancement, therefore there was no application of Section 558.001. Petitioner's argument that his "conditional release" was taken away has no merit.

While the Court is required to review the record *de novo*, this review is limited in scope. This Court is not at liberty to substitute its rulings for those of the state court. The role and function of this court is narrowly limited. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate legal conclusion reached by the Court, *id.* at 784, not simply the statement of

reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. –––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Adelman's discussion of the applicable state law is very thorough and correct. The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of federal law.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions. It has further

reviewed all pleadings, motions and memoranda before it. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court, concluding its review under AEDPA, will adopt the Recommendation of Judge Adelman that the Petition be denied.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Kenneth G. Charron for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 23rd day of October, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE